Ríos, Promovente y Apelada, *v.* Rosaly, Opositor y Apelante.

Apelación procedente de la Corte de Distrito de Ponce en pleito sobre administración judicial. Incidente sobre alimentos y entrega de cantidad.

No. 1958.—Resuelto en junio 19, 1919.

Apelación—Alimentos Provisionales—Notificación de la Moción a los Interesados.—En este caso apeló uno de los herederos de la resolución de la corte de distrito concediendo alimentos provisionales a la viuda del causante, y ataca él la resolución fundándose, entre otros motivos, en que otro de los herederos no fué notificado de la moción inicial; *se resolvió:* que la falta de notificación al otro heredero, no afecta al heredero apelante.

Alimentos Provisionales—Trámite para Reclamarlos en Casos de Administración Judicial—Artículo 84 de la Ley de Procedimientos Legales Especiales.—Es cierto que el artículo 84 de la Ley de Procedimientos Legales Especiales dispone que las reclamaciones sobre alimentos provisionales se tramitarán en la forma prescrita para el juicio de desahucio, pero la ley se refiere sin duda a los procedimientos independientes, no a aquellos que se tramitan como incidentes en casos de administración judicial o de divorcio, por ejemplo.

Id.—Vista de la Moción Sobre Alimentos—Notificación de Affidavits en Apoyo de la Moción.—No constituye error por parte de la corte de distrito

el haber celebrado la vista de una moción sobre alimentos provisionales el mismo día en que fueron notificados al apelante los *affidavits* ofrecidos en apoyo de la misma. No hubo perjuicio para el apelante.

Id.—Artículo 217 del Código Civil Revisado.—De acuerdo con el artículo 217 del Código Civil Revisado, es errónea la resolución de la corte de distrito en cuanto autoriza el pago, por vía de alimentos provisionales, de deudas contraídas con anterioridad a la presentación de la demanda de alimentos. Estos sólo pueden abonarse a partir de la solicitud.

Id.—Administración Judicial—Caudal Hereditario—Renta Líquida.—Cuando el juez mande entregar alimentos provisionales a los herederos, a los legatarios o al viudo, las cantidades que se satisfagan deberán sacarse por regla general de los productos del caudal hereditario y no excederán de lo que pueda corresponderles como renta líquida de los bienes a que tengan derecho.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José* y *Alberto Poventud.*

Abogado de la apelada: *Sr. José Tous Soto.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La Corte de Distrito de Ponce declaró con lugar cierta solicitud de alimentos presentada por doña Matilde Ríos Ovalle viuda de Rosaly, y no conforme uno de los herederos del Sr. Rosaly, apeló para ante la Corte Suprema, señalando en su alegato la comisión de cinco errores que analizaremos en el mismo orden en que han sido presentados.

1. Sostiene el apelante que la corte erró ''al dictar la orden apelada sin notificarse ni oirse a doña Claudia Rosaly, una de las interesadas.'' Aparece de los autos que don Manuel Rosaly falleció en Barcelona, España, en 1917, bajo testamento cerrado. A instancias de Eulalio Rosaly, uno de los herederos, la Corte de Distrito de Ponce procedió a la apertura del testamento, ordenando luego su protocolización de conformidad con la ley. Los herederos no pudieron ponerse de acuerdo en la división de la herencia y la corte nombró administrador judicial a don Antonio Morales Lebrón. Así las cosas, la viuda, Matilde Ríos Ovalle, compareció en el procedimiento sobre administración y presentó la moción sobre alimentos que ha dado origen a este recurso. La solicitud de alimentos se notificó al abogado José A. Poventud,

como representante de Eulalio y Claudia Rosaly, y el administrador. El letrado Poventud compareció y se opuso a nombre de Eulalio Rosaly y alegó que su representación con respecto a Claudia había cesado. El primer motivo de oposición consistió precisamente en la falta de notificación de la solicitud a Claudia Rosaly, y se basó en la sección 50 de la Ley de Procedimientos Legales Especiales que copiada a la letra, dice así:

"Artículo 50.—A instancia de parte interesada, el juez podrá mandar, previo aviso al administrador y demás partes interesadas, que de los productos del caudal se entregue por vía de alimentos a los herederos y legatarios y al cónyuge sobreviviente, hasta la cantidad que respectivamente pueda corresponderles como renta líquida de los bienes a que tengan derecho. El juez fijará la cantidad y los plazos en que el administrador haya de hacer la entrega."

La parte apelada sostiene que bastaba con notificar al administrador; que en todo caso fué notificado el abogado Poventud que lo era de récord tanto de Eulalio como de Claudia Rosaly; que si se acepta que Poventud dejó de ser el abogado de Claudia Rosaly una vez que quedó nombrado el administrador, como Claudia Rosaly no se personó en los ulteriores procedimientos sería necesario aceptar también que no tenía derecho a ser citada y, por último, que si Claudia Rosaly se consideraba afectada por la orden de la corte, era a ella a quien le competía apelar y suscitar tal cuestión y no a Eulalio Rosaly.

En efecto la apelación se interpuso en este caso por Eulalio Rosaly y en su consecuencia no nos creemos obligados a resolver la cuestión suscitada. La falta de notificación de Claudia Rosaly, en el caso de que en verdad no hubiera sido notificada, en nada afecta al otro heredero Eulalio Rosaly, el apelante.

2. "La corte erró," alega el apelante, "al dictar la orden apelada sin observar la tramitación del juicio de desahucio." Tampoco estamos conformes. Es cierto que el artículo 84 de la Ley de Procedimientos Legales Especiales dispone que

las reclamaciones sobre alimentos provisionales se tramitarán en la forma prescrita para el juicio de desahucio, pero la ley se refiere, sin duda a los procedimientos independientes, no a aquellos que se tramitan como incidentes en casos de administración judicial o de divorcio, por ejemplo; y aquí se trata de uno de esos casos. Véase: *Julbe* v. *Guzmán, et. al.,* 14 D. P. R. 38, 40. La decisión de esta corte en *Molinary* v. *López Acosta,* 20 D. P. R. 511, 514, no es incompatible con la anterior doctrina.

3. El tercer error se cometió por la corte, según el apelante, al no concederle el plazo legal para impugnar los *affidavits* de la promovente, presentados y notificados el mismo día de la vista de la moción sobre alimentos.

Dice el apelante que la moción se presentó, se le notificó y se vió el 30 de julio de 1918. Si bien esto es así, también lo es que de los autos resulta que desde diciembre de 1917 doña Matilde Ríos solicitó que se le señalara una pensión alimenticia por carecer de rentas y bienes y depender para su subsistencia de las rentas, frutos y productos de la herencia de Rosaly; que la vista de dicha moción se señaló para el 14 de enero de 1918, notificándose a las partes, y volvió a señalarse para el día 2 de julio de 1918, posponiéndose para el 15 del propio mes; que en julio 2 de 1918 doña Matilde pidió que el administrador *de facto* Eulalio Rosaly—que es el apelante en este caso—que figuraba como el demandado, fuera sustituído por el administrador nombrado por la corte Sr. Morales Lebrón, y que en 30 de julio de 1918 se presentó la nueva moción de alimentos acompañada de *affidavits*. Un día después del 30 de julio, la corte de distrito entraba en su período regular de vacaciones que comprende dos meses.

El artículo 317 del Código de Enjuiciamiento Civil invocado por el apelante se refiere a la notificación de la moción, no al término para impugnar *affidavits*. El plazo fijado puede renunciarse por la parte a quien beneficie y aquí en verdad de hecho la parte lo renunció al comparecer a e intervenir

en la celebración de la vista. Además, no se ha demostrado que el apelante sufriera perjuicios. Desde seis meses antes estaba enterado de las pretensiones de doña Matilde. En su esencia la moción de julio de 1918 era igual a la de diciembre de 1917. Que Eulalio Rosaly y su abogado conocían en todos sus detalles el asunto lo demuestra la moción de impugnación presentada. Y si a todo esto se agrega la naturaleza especial de la petición de alimentos y el hecho de que al no considerarla el 30 de julio implicaba el dejarla pendiente dos meses más, es necesario concluir que no cometió la corte de distrito el error que le atribuye el apelante. Además, según veremos ál discutir el cuarto error, no será necesario tener en cuenta dichos *affidavits* para resolver el asunto.

4. El cuarto error lo señala el apelante en la siguiente forma: ''Cometió error la corte inferior al disponer en la orden apelada, que el administrador judicial pagase a la viuda promovente 'con cargo a su haber en la sociedad de gananciales y herencia,' la suma de $1,374.25, y que mensualmente le pagase la cantidad de $75 con igual cargo; errando al no disponer que el cargo se hiciera de los productos del caudal, y al no limitarlo hasta la cantidad que, como renta líquida, pudiese corresponder a dicha viuda promovente.''

Tiene razón, a nuestro juicio, en este señalamiento de error la parte apelante. Comprende dos extremos.

A. La corte de distrito no se limitó a fijar determinada pensión alimenticia, sino que ordenó al Administrador el pago de $1,374.25 que procedían de $700 tomados a préstamo por la viuda en el Crédito y Ahorro Ponceño y $674.25 tomados en provisiones y efectivo también por la viuda a José Rodríguez Colón, hechos éstos que se trataron de probar por los *affidavits* a que acabamos de referirnos. Según consigna la propia doña Matilde en su solicitud de 30 de julio de 1918, los $700 tomados al Crédito y Ahorro Ponceño lo fueron antes de la muerte de su esposo, y la cantidad tomada al comer-

ciante Rodríguez se formó por cantidades pequeñas tomadas en un período que abarca desde el 24 de junio de 1917 al 30 de mayo de 1918.

El artículo 217 del Código Civil Revisado dice que la obligación de dar alimentos será exigible desde que los necesitare para subsistir la persona que tuviese derecho a percibirlos, pero que no se abonarán sino desde la fecha en que se interponga la demanda. Y comentando Manresa el artículo 148 del Código Civil Español, igual al 217 del nuestro, se expresa así:

"Este artículo tiene sus precedentes en el 74 de la Ley de Matrimonio Civil en cuanto a su primera parte y en el 1614 de la de Enjuiciamiento respecto de la segunda, y concuerda además con el 145 del Código Civil italiano, 184 del portugués, 331 de Chile, 1863 del de Sajonia y 370 del de la República Argentina.

"La Ley de Matrimonio Civil, en su artículo 74, había establecido que la obligación de dar alimentos sería exigible desde que los necesitase para subsistir la persona que tuviere derecho a percibirlos; pero no dijo nada acerca de la época a partir de la cual deberían ser abonados, en el caso de no haberlos reclamado el alimentista desde que nació su necesidad, sino algún tiempo después, y ese silencio de la ley hizo surgir la duda de si serían o no debidos durante mucho tiempo.

"La jurisprudencia vino a resolver esta dificultad en el sentido de que los alimentos sólo se debían desde que se reclamaban, y de acuerdo con dicha jurisprudencia se ha adicionado el antiguo precepto, disponiéndose, que no serán abonados sino desde la fecha de la interposición de la demanda. Los alimentos responden a una necesidad imperiosa, sin la cual no serían exigibles, y la ley supone que no existe esa necesidad mientras no se reclamen judicialmente."

1 Manresa, Código Civil Español, 654.

Aun en la hipótesis de que las sumas indicadas pudieran comprenderse dentro del concepto de alimentos, resulta que la deuda con la institución bancaria fué contraída con mucha anterioridad no ya a la última solicitud de alimentos, sino a la primera, y que la cuenta con el comerciante comenzó a formarse seis meses antes de reclamar por vez primera los alimentos la viuda y si bien comprende un período de cuatro

meses después de dicha primera reclamación no se especifican las partidas que corresponden a uno y a otro período. Debe consignarse aquí también que aunque no aparece que là primera solicitud de alimentos fuera resuelta por la corte, es un hecho consignado en su última solicitud por la misma promovente que se le venía pasando cincuenta pesos mensuales para su sustento por el encargado de los bienes de la herencia.

Además así como invocamos las circunstancias del caso para justificar la premura en la resolución de este asunto, esa misma premura debió servir de base para descartar de la resolución de la corte todo lo que claramente no estuviera comprendido dentro del concepto de alimentos provisionales. Para el cobro de sus créditos, medios reconoce la ley a los acreedores.

Siendo ello así, la resolución apelada debe modificarse eliminando la orden de pago de los $1,374.25 de referencia y mandando satisfacer la pensión de $75 mensuales desde el 30 de julio de 1918.

B. La sección 50 de la Ley de Procedimientos Legales Especiales claramente establece que el juez podrá mandar que *de los productos del caudal* se entregue, por vía de alimentos al cónyuge sobreviviente, *hasta la cantidad* que pueda corresponderle *como renta líquida* de los bienes a que tenga derecho. Opinamos que siendo esa la ley reguladora del caso, la resolución apelada debe modificarse también ajustándola a sus términos.

5. El quinto error carece de importancia. Se refiere a là presentación de cierta prueba. Se trataba de una cuenta rendida por el propio apelante a los interesados en la herencia de que se trata en abril 30, 1917, y no vemos que asistiera al apelante razón derecha alguna para oponerse a que la peticionaria la introdujera como evidencia con objeto de que la corte la tomara en consideración como uno de los elementos determinantes de la cuantía del caudal hereditario y de sus rentas, a fin de fijar con acierto la pensión.

6. Por virtud de todo lo expuesto, opinamos que la orden recurrida debe confirmarse, pero modificándola en el sentido que se ha indicado al discutir y resolver el cuarto señalamiento de error.

> *Confirmada la sentencia apelada pero modificada en la parte dispositiva.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.