María Sofía Sastre Andújar, demandante y apelante, *v.* Antonio Sastre Álvarez, demandado y apelado.

Núm. 9929.—*Sometido:* Abril 4, 1949. *Resuelto:* Abril 14, 1949.

Luis Mercader, abogado de la apelante; *G. Zeno Sama y Luis Pérez Matos,* abogados del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Al declarar con lugar la moción del demandado para desestimar la demanda por no aducir ésta hechos constitutivos de causa de acción, la corte inferior hizo constar en la sentencia lo siguiente:

‘ ‘*     *     *     *     *     *     *

"‘La demandante establece acción en cobro de dinero en la que alega que por sentencia del 29 de agosto de 1947 que es firme, esta Corte la reconoció como hija natural reconocida del demandado, quien la procreó en Utuado, P. R. donde nació ella el 16 de diciembre de 1924, y que desde el día de su nacimiento hasta idéntica fecha de 1945, o sea hasta que la demandante cumplió 21 años de edad, el demandado no le ha pagado el importe mensual de su cuota alimenticia, que en los 21 años ascienden razonablemente a la suma de $6,300, a razón de $25 por cada mes vencido. Y solicita sentencia condenando al demandado a pagarle $6,300 con intereses legales hasta su total pago, y costas y honorarios de abogado.

‘ ‘*     *     *     *     *     *     *

"Vistas las disposiciones del artículo 147 del Código Civil, y la jurisprudencia (*Ríos* v. *Rosaly,* 27 D.P.R. 537, 542) se declara con lugar la moción del demandado y en consecuencia, no siendo la demanda enmendada susceptible de enmienda en cuanto al fundamento de esta decisión, se desestima la demanda enmendada y se imponen las costas a la demandante."

La demandante apeló y alega que la corte inferior erró al desestimar la demanda ya que ella tenía derecho a que su padre, el demandado, le pasara alimentos desde la fecha de su nacimiento hasta que cumplió su mayoridad. No tiene razón. Ella tenía derecho a que el demandado le pasara alimentos desde la fecha en que quedó establecida la paternidad, *Pueblo* v. *Rodríguez,* 67 D.P.R. 735, y ese hecho no ocurrió hasta el año 1947. Además, de acuerdo con el artículo 147 del Código Civil (ed. 1930) los alimentos serán exigibles "desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero no se abonarán sino desde la fecha en que se interponga la demanda."

De manera que no habiendo la demandante, a pesar de haber nacido en el año 1924, establecido su paternidad hasta el 29 de agosto de 1947, no podía exigirle al demandado alimentos hasta dicha fecha, si era que los necesitaba para subsistir. No fué hasta el año 1948 que reclamó, no alimentos desde esa fecha en adelante porque los necesitara para subsistir, sino el pago de una deuda de $6,300 por concepto de alimentos dejados de percibir durante veintiún años, los cuales el demandado no venía obligado a satisfacer, primero, porque aún no se había establecido la paternidad y segundo, porque los alimentos sólo son abonables desde la fecha en que se interpone la demanda. En *Ríos* v. *Rosaly*, 27 D.P.R. 537, 542, citamos los comentarios de Manresa al artículo 148 del Código Civil Español, equivalente al 147 nuestro, los cuales terminan diciendo:

" '. . . Los alimentos responden a una necesidad imperiosa, sin la cual no serían exigibles, y la ley supone que no existe esa necesidad mientras no se reclamen judicialmente.' 1 Manresa, Código Civil Español, 654."

No siendo la acción de la demandante en el presente caso una en reclamación de alimentos bajo el artículo 143 del Código Civil, sino una en cobro de dinero por supuestos alimentos adeudados y nunca reclamados, no erró la corte al desestimar la demanda y *procede la confirmación de la sentencia.*