Rosa Idanis Suria Campos, demandante y recurrente, *v.* Reynaldo Fernández Negrón, demandado y recurrido.

*Número:* R-72-79      *Resuelto:* 3 de mayo de 1973

*P. Roldán Figueroa* y *Frances Berríos Agosto,* abogados de la recurrente; *Reynaldo Fernández Negrón, pro se.*

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Plantea este recurso el derecho de la mujer divorciada a percibir alimentos de su marido. La mujer recurrente y el marido recurrido estuvieron casados por unos 8 años, disolviéndose el matrimonio por sentencia de divorcio fundada en el causal de separación([1]) dictada por la Sala de Caguas del Tribunal Superior, el 9 de octubre de 1959. Doce años más tarde, en el 1971, la esposa divorciada radicó demanda ante la Sala de San Juan, en reclamación de alimentos alegando entre otras razones que no cuenta con suficientes medios para vivir y que se halla totalmente incapacitada para el trabajo, bajo tratamiento médico; que el demandado es un abogado en el ejercicio activo de su profesión con ingresos que ella estima en $2,000 mensuales.

Contra la demanda formuló el demandado moción para desestimar levantando como defensa que la acción de la recurrente prescribió el 9 de octubre de 1964 al cumplirse cinco años de la sentencia de divorcio por así disponerlo el Art. 1866 del Código Civil (31 L.P.R.A. sec. 5296). El juez de instancia adoptó ese criterio y desestimó la demanda.

Para la mejor inteligencia del problema jurídico, transcribimos los artículos del Código Civil que principalmente gobiernan la cuestión litigiosa:

*Art. 109 (31 L.P.R.A. sec. 385)*—"Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, el Tribunal Superior. podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la cuarta parte de los ingresos, rentas o sueldos percibidos.

Si el divorcio se ha decretado por la causal de separación, la mujer podrá solicitar los alimentos a que se refiere el párrafo anterior, si no cuenta con medios suficientes para vivir.

---

([1]) Probada la separación al dictarse sentencia se considera como cónyuge inocente a la mujer con todos los derechos inherentes a tal condición como consecuencia del divorcio. Art. 96 del Código Civil (31 L.P.R.A. sec. 321).

La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio o cuando viva en público concubinato u observare vida licenciosa."

*Art. 147* (*31 L.P.R.A. sec. 566*)—"La obligación de dar alimentos será exigible desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero no se abonarán sino desde la fecha en que se interponga la demanda.

Se verificará el pago por meses anticipados, y, cuando fallezca el alimentista, sus herederos no serán obligados a devolver lo que éste hubiese recibido anticipadamente."

*Art. 1866* (*31 L.P.R.A. sec. 5296*)—"Por el transcurso de 5 años prescriben las acciones para exigir el cumplimiento de las obligaciones siguientes:

(1) La de pagar pensiones alimenticias. . . ."

Los alimentos sólo se *deben* desde que se reclaman, responden a una necesidad imperiosa, sin la cual no serían exigibles, y la ley supone que no existe esa necesidad mientras no se reclaman judicialmente. 1 Manresa, *Comentarios al Código Civil*, Art. 148, pág. 707, ed. 1943; *Ríos* v. *Rosaly*, 27 D.P.R. 537, 542 (1919); *Sastre* v. *Sastre*, 69 D.P.R. 862, 864 (1949).

Resolvimos en *Meléndez* v. *Tribunal Superior*, 77 D.P.R. 535, 542 (1954), que una vez disuelto el matrimonio por divorcio legalmente obtenido, si bien cesa la obligación que bajo el Art. 143 del Código Civil (31 L.P.R.A. sec. 562) tienen los cónyuges de darse alimentos recíprocamente, nace para la mujer un nuevo derecho a pensión post-divorcio, siempre que justifique hallarse en las circunstancias reseñadas en el Art. 109 (31 L.P.R.A. sec. 385) y en la medida que el mismo artículo permite, a cuyos fines no debe el tribunal simplemente extender la pensión alimenticia fijada antes del divorcio. *Fenning* v. *Tribunal Superior*, 96 D.P.R. 615 (1968). Es necesario que exija prueba con audiencia de ambas partes, que satisfaga las siguientes condiciones o circunstancias concurrentes: que la mujer haya resultado cón-

yuge inocente en el divorcio; que no cuente con suficientes medios para vivir; que no se haya unido o otro hombre en matrimonio o en concubinato y que su vida no pueda tacharse de licenciosa; y que el ex-marido tenga ingresos de rentas, sueldo o bienes propios, sin que la pensión alimenticia pueda exceder de la cuarta parte de dichos ingresos.

En el presente caso no existe pensión alguna ni atrasada ni de pagos al día porque hasta ahora no se había hecho reclamación por la esposa y el juez a quo rehusó fijarla al desestimar sin vista en los méritos. Obviamente, no puede extinguirse por prescripción lo que no ha surgido a la vida en el campo del Derecho. Se nace y después se muere; la secuencia no puede invertirse.

■ La interpretación del juez de instancia limitando a 5 años la vigencia del derecho a alimentos de la mujer cónyuge inocente en el divorcio es insostenible, no ya porque invade el campo del legislador exonerando al marido de toda obligación una vez transcurridos 5 años del divorcio, sino también porque subvierte el propósito de solidaridad humana que indudablemente inspiró la redacción del Art. 109 que no es otra cosa que la proyección más allá de los días felices, de la obligación del hombre de ayudar y socorrer a su mujer; un canon de hidalguía y gratitud inserto en el Código Civil para beneficio de aquella que en un tiempo pasado de ensoñación se entregó en dulzura, en cariño y hasta en sacrificio personal al hombre que la hizo su esposa. (²) He allí los valores personalísimos que sirven de armazón ética y moral al precepto interpretado y que le imparten naturaleza imprescriptible y vitalicia a la obligación del hombre para con esta mujer que habiéndose mantenido pura y honesta languidece víctima de la enfermedad, la penuria, o los demás azares de su existencia.

---

(²) Se justifica asimismo como reparación del perjuicio que el esposo culpable, al hacer por su falta necesario el divorcio ha podido causar al otro cónyuge, si éste no tiene recursos suficientes para subsistir. Colin y Capitant, *Derecho Civil*, Tomo 1, pág. 757, ed. 1952.

El Art. 109 en su institución de una acción civil en favor de la mujer inocente en el divorcio no señaló término para su ejercicio. Los alimentos se reclaman o se dispensan al ritmo de las circunstancias cambiantes de alimentante y alimentista. El hambre, la enfermedad, la angustia aniquilante de la mujer que se debate en la miseria merecen el mismo respeto y consideración en los primeros cinco años siguientes al divorcio como en los años que seguirán, mientras el dolor y la necesidad agobien a este ser humano. Estos valores de nobleza y de amor cristiano no pueden, ni deben, aplastarse con una regla de prescripción que en vez de aliviar la desesperación extinguiría la esperanza. La Ley es en gran medida el más visible signo externo de la urdimbre moral de un pueblo y el precepto interpretado honra el Derecho patrio.

▪ Lo que sí es prescriptible por el señalado término de cinco años anunciado en el inciso 1ro. del Art. 1866, es la acción para cobrar o exigir pensiones alimenticias ya vencidas, los atrasos de una pensión ya reclamada y adjudicada y resulta lógico que así sea pues quien deja transcurrir tan considerable plazo sin exigir los alimentos que ya le habían sido otorgados, mal podría justificar la necesidad de los mismos. Toda vez que las expresiones doctrinales deben ser precisas, persuasivas e invulnerables debemos dejar bien claro que el término prescriptivo para pensiones alimenticias señalado en el Art. 1866, inciso 1ro., del Código Civil opera no sobre el derecho latente de la mujer divorciada a instar demanda, que es imprescriptible, sino sobre pensiones reales reclamadas y adjudicadas, los únicos alimentos que deberán abonarse según el Art. 147 y que por ministerio de ley son los susceptibles de tornarse en debidos o impagados. La Regla del Art. 1866 encarna una remisión o liberación de deuda y su término arranca del día en que debió abonarse cada plazo. No es premio a la ingratitud o indiferencia del ex-marido, sino condonación de atrasos tolerados presuntivamente por la ausencia de necesidad en la mujer.

En cuanto a la imprescriptibilidad de los alimentos y su exclusión del comercio de los hombres están acordes los comentaristas. Sobre el particular se expresa Scaevola:

"El derecho a los alimentos . . . se atribuye o concede en consideración a una concreta persona, en atención a la cual y por el interés moral que le inspira, expresamente ha declarado el art. 151 del Código Civil que no es renunciable, ni trasmisible ni compensable, aunque lo sean las pensiones alimenticias atrasadas. Cualidades éstas que llevan a la doctrina a estimar con acierto que, aunque sea prescriptible el derecho a percibir esas pensiones ya devengadas . . . no lo es el derecho en sí." Scaevola, *Código Civil*, Tomo 32, Vol. 1, pág. 283, ed. 1965.

y añade Castán:

"Puede aceptarse en nuestro Derecho, con relación a la obligación legal alimenticia, la regla de que el derecho de alimentos en sí es imprescriptible." Castán, *Derecho Civil Español*, Tomo 2, Vol. 2, pág. 272, ed. 1966.

y en su comentario del Art. 1.966 del Código Civil Español equivalente al Art. 1866 nuestro (31 L.P.R.A. sec. 5296) dice Manresa:

"No es aplicable esta regla de prescripción más que en las reclamaciones en que se trate de pagos de pensiones atrasadas que hubiere derecho a reclamar por años o en plazos breves." *Ob cit.* Tomo 12, pág. 798, ed. 1931.

Resulta significativo que al tratar nuestro Código Civil en sus Arts. 149 y 150 (31 L.P.R.A. secs. 568, 569) la cesación de la obligación de dar alimentos señale seis causas, dos de las cuales se fundan en la muerte, bien del obligado o del alimentista, y ninguna predicada en el decurso del tiempo, nota que acentúa la naturaleza imprescriptible de esta obligación y que el Prof. Rojina Villegas de la Universidad Nacional Autónoma de México al distinguir el carácter imprescriptible de la obligación alimentaria del carácter prescriptible de las pensiones ya vencidas, sintetiza así:

"Respecto al derecho mismo para exigir alimentos en el futuro se considera por la ley como imprescriptible, pero en cuanto a las pensiones causadas, deben aplicarse los plazos que en general se establecen para la prescripción de las prestaciones periódicas. Según lo expuesto, debe entenderse que el derecho que se tiene para exigir alimentos no puede extinguirse por el transcurso del tiempo mientras subsistan las causas que motivan la citada prestación, ya que por su propia naturaleza se va originando diariamente." Rojina Villegas, *Compendio de Derecho Civil,* Tomo 1, pág. 264, ed. 1964.

Y con gran claridad, Puig Brutau dictamina:

"El derecho de reclamar alimentos es imprescriptible, pero las acciones para exigir el pago de las pensiones alimenticias prescriben a los cinco años (Art. 1.966, Núm. 1 del Código Civil). Es decir, hay que distinguir también en este punto entre el derecho unitario o global a pedir alimentos, que es imprescriptible, y el derecho a pedir el pago de cada una de las pensiones vencidas, que prescribe a los cinco años." Puig Brutau, *Fundamentos de Derecho Civil,* Tomo 4, Vol. 2, pág. 339 y sig. ed. 1970.[3]

■ De todo cuanto dejamos dicho debe quedar meridianamente claro que tanto el derecho de la mujer divorciada a alimentos como la regla de prescripción que los regula son reservas dormidas que toca a la mujer activar con el ejercicio de la acción civil reclamando su derecho. Hasta que esto ocurra, mientras la causa de acción reconocida a la mujer sea crisálida dormitante, aunque repleta de promesas de vida, no tendrá sobre sí el péndulo de la prescripción extintiva.

*Se revocará la sentencia recurrida debiendo continuar en el Tribunal Superior, Sala de San Juan, los procedimientos consistentes con esta opinión.*

---

[3] Terminan las extensas acotaciones de jurisprudencia patria y comentaristas ilustres, en su totalidad ignorados tanto por el recurrido que no sometió alegato, como por la recurrente que se excusó por no haber dado con fuentes de autoridad sobre el aspecto de prescripción, deficiencia que sin duda llevó al juez de instancia a incidir al resolver la cuestión.