Ramos Buonomo, Jueza Ponente
*933 TEXTO COMPLETO DE LA SENTENCIA
La Sra. Mariana Ortiz Blanes (Sra. Ortiz Blanes) nos solicita la modificación de la resolución emitida el 11 de marzo de 1999 por el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual fijó una pensión alimentaria permanente a ser pagada por el Sr. Mark Sterling Johnson Wood (Sr. Johnson Wood) para beneficio de la hija menor de edad habida entre ambos.
El 4 de junio de 1999, este Tribunal acogió el presente recurso como una apelación por tratarse de un dictamen adjudicando y resolviendo una reclamación de alimentos entre las partes. Por tanto, el mismo constituye propiamente una sentencia de la cual puede apelarse. Figueroa Hernández v. Del Rosario Cervoni, 146 D.P.R. _ (1998), 98 J.T S. 151.
Por los fundamentos que pasamos a exponer, se modifica la sentencia apelada y así modificada se confirma.
I
El 2 de julio de 1997, la Sra. Ortiz Blanes presentó una demanda de divorcio contra el Sr. Johnson Wood por la causal de trato cmel. Como parte de la misma, solicitó una pensión alimentaria para beneficio de una hija menor de edad habida entre las partes.
Según surge de la minuta de una vista celebrada el 15 de octubre de 1997, las partes estipularon una pensión alimentaria provisional por la suma de $1,000 mensuales en los siguientes términos:

“Las partes anuncian los siguientes acuerdos:

“L...

2....

3. Estipulan una pensión alimenticia provisional de $1,000 hasta que se revise mediante el proceso de ley cuyo resultado será prospectivo.

4....".

*934 Así las cosas, el 21 de abril de 1998, el Tribunal de Primera Instancia señaló la vista de alimentos para el 23 de junio del mismo año, ordenando, a su vez, a las partes que intercambiaran toda la información económica relacionada a ellos. No obstante, por alegadamente el Sr. Johnson Wood no haber brindado la información económica según lo ordenado, el 22 de junio de 1998, la Sra. Ortiz Blanes solicitó que la vista a efectuarse al día siguiente fuera una de alimentos provisionales hasta tanto se consiguiera toda la información económica del Sr. Johnson Wood.
En razón de ello, luego de celebrar la referida vista de alimentos, a tenor con el Art. 17 de la Ley Orgánica de la Administración para el Sustento de Menores, Ley 5 de 30 de diciembre de 1986, 8 L.P.R.A. sec. 516, el Tribunal de Primera Instancia fijó, el 4 de agosto de 1998, una pensión alimentaria provisional por la suma de $2,500 mensuales, efectiva el 1 de junio de 1998-, en beneficio de la hija menor de edad habida entre las partes. Señaló, además, la vista de alimentos permanentes para el 10 de noviembre de 1998.
Posterior a que el tribunal apelado denegara una solicitud de reconsideración del anterior dictamen presentada por el Sr. Johnson Wood, éste acudió en certiorari ante el Tribunal de Circuito de Apelaciones, Caso Núm. KLCE-98-00971. El 30 de octubre de 1998, este Tribunal, acogiendo los planteamientos esbozados por el Sr. Johnson Wood, revocó la resolución del Tribunal de Primera Instancia que fijó una pensión provisional de $2,500 mensuales habida cuenta de que el referido tribunal no hizo determinaciones de hechos, ni conclusiones de derecho en apoyo de su dictamen y este Tribunal estaba impedido de revisar responsablemente dicha decisión.
Por ser pertinente a la controversia trabada ante nos, citamos la parte dispositiva de la sentencia emitida el 30 de octubre de 1998 por este Tribunal. La misma lee así:

“Por las consideraciones anteriores, se revoca la orden recurrida, se mantiene la pensión alimentaria provisional en $1,000 y se ordena al Tribunal de Primera Instancia que proceda a formular las determinaciones de hechos y de derecho correspondientes a fin de que este Foro esté en posición de evaluar la corrección, en su día, de la pensión fijada. La anterior disposición nada impide que el Tribunal de Primera Instancia continúe con los procedimientos que sean necesarios y fije la pensión de alimentos permanente, cuya vista está pautada para el 10 de noviembre de 1998. ”

A pesar de haberse suspendido la vista de alimentos permanentes en dos ocasiones, el 25 de noviembre de 1998, el Examinador de Pensiones Alimentarias a cargo del caso envió, ante la consideración del Tribunal de Primera Instancia, un informe recomendando una pensión alimentaria provisional por la suma de $2,161.59 mensuales y el 89.7 porciento de los gastos incurridos en las terapias de la menor con una psiquiatra, previa presentación al Sr. Johnson Wood de evidencia de pago de dichos servicios, si es que los mismos no fueron cubiertos por el plan médico de éste. No obstante, el Tribunal de Primera Instancia no emitió dictamen alguno en relación a dicho informe.
Mientras tanto, el 21 de diciembre de 1998, el Tribunal de Primera Instancia emitió la sentencia de divorcio entre el Sr. Johnson Wood y la Sra. Ortiz Blanes. Como parte de esta sentencia, el tribunal apelado concedió la custodia y la patria potestad de la menor a la Sra. Ortiz Blanes y reguló las relaciones patemo-filiales del Sr. Johnson Wood con dicha menor.
Por otro lado, luego de celebrada la vista de alimentos permanentes, el tribunal apelado fijó en su resolución del 11 de marzo de 1999 una pensión alimentaria permanente de $2,162.27 mensuales que el Sr. Johnson Wood tiene que pagar a favor de su hija menor de edad. El foro apelado aclaró que dicha pensión seria prospectiva, a partir del 1 de marzo de 1999, habida cuenta de que así lo habían acordado las partes en la estipulación de 15 de octubre de 1997.
*935 No conforme con el anterior dictamen, apela ante nos la Sra. Ortiz Blanes alegando que erró el Tribunal de Primera Instancia al no haber formulado las determinaciones de hechos y conclusiones de derecho correspondientes a la pensión provisional fijada por el foro apelado, según le fuera ordenado por este Tribunal en la sentencia emitida el 30 de octubre de 1998 en el caso Núm. KLCE-98-00971. Alegó, además, que incidió el referido tribunal al no haber incluido en el cómputo de la pensión alimentaria permanente la totalidad del ingreso del Sr. Johnson Wood y al no haberle impuesto a éste el pago de una suma razonable en concepto de honorarios de abogado.
Por otro lado, el 25 de junio de 1999, el Sr. Johnson Wood presentó, ante el tribunal apelado, una moción solicitando el relevo de la sentencia de divorcio emitida el 21 de diciembre de 1998, por nulidad, al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2. En razón de ello y habida cuenta de que estaba pendiente ante nuestra consideración el presente recurso, el Sr. Johnson Wood solicitó la autorización de este Tribunal para que el Tribunal de Primera Instancia pudiera entender en dicha solicitud de relevo.
II
Discutiremos primeramente, los planteamientos de la Sra. Ortiz Blanes.
En primer lugar, la Sra. Ortiz Blanes alega que erró el tribunal apelado al no cumplir con la sentencia de este Tribunal en el caso Núm. KLCE-98-00971 que le ordenó al tribunal hacer las determinaciones de hechos y las conclusiones de derecho correspondientes a la pensión alimentaria provisional.
No existe controversia alguna de que este Tribunal, mediante sentencia emitida en el caso Núm. KLCE-98-00971, le ordenó al foro apelado emitir determinaciones de hechos y conclusiones de derecho que apoyaran la pensión alimentaria provisional fijada el 4 de agosto de 1998.
No obstante, según aclaró este Tribunal en la referida sentencia, la anterior orden no era impedimento para que el tribunal continuara con los procedimientos relacionados y fijara la pensión alimentaria permanente a regir en este caso.
En razón de ello, el tribunal apelado continuó con los procedimientos e, inclusive, emitió la sentencia apelada fijando la pensión alimentaria permanente apoyada con determinaciones de hechos, conclusiones de derecho y los cálculos matemáticos correspondientes.
Por otro lado, según surge del informe del oficial examinador que fue hecho parte de la resolución apelada, el 25 de noviembre de 1998, el Tribunal de Primera Instancia recibió una recomendación de parte del oficial examinador a cargo del caso para que se fijara una pensión alimentaria provisional de $2,161.59 mensuales. No obstante, el Tribunal de Primera Instancia nada dispuso en relación a tal recomendación. Tampoco surge del expediente, ni de la resolución apelada razón alguna por la cual el foro apelado no actuó sobre dicha recomendación, ni cumplió con nuestra sentencia de 30 de octubre de 1998.
Examinado todo lo anterior, es evidente que el Tribunal de Primera Instancia incidió al así actuar, comentiendo el error alegado. No obstante, el remedio a conceder en este caso subsana la omisión del foro apelado. Veamos.
No surge del expediente que la situación económica de las partes, ni que las circunstancias presentes en este caso, al momento en que el foro apelado fijó la pensión permanente, fueran distintas a las existentes al 4 de agosto de 1998, fecha en que dicho tribunal fijó la pensión provisional revocada de $2,500 mensuales. Adviértase que, por razón de nuestro dictamen de 30 de octubre de 1998, el 25 de noviembre de 1998, el oficial *936 examinador, analizando las circunstancias presentes hasta este momento, recomendó al Tribunal de Primera Instancia fijar una pensión provisional de $2,161.59 mensuales. De otra parte, el 11 de marzo de 1999, el foro apelado, siguiendo la recomendación final del Oficial Examinador, fijó la pensión permanente de $2,162.27 mensuales. 
Siendo similares las circunstancias existentes en el caso durante todo este período de tiempo, procede que la pensión de $2,162.27 mensuales hubiese estado en vigor como una pensión provisional desde el 1 de junio de 1998, fecha en que era efectiva la pensión provisional de $2,500 mensuales revocada por otras consideraciones por este Tribunal. Nótese que, a tenor con nuestra sentencia de 30 de octubre de 1998, si el Tribunal de Primera Instancia hubiese actuado sobre la recomendación del oficial examinador de 25 de noviembre del mismo año, la anterior fecha hubiese sido la fecha de efectividad de una pensión provisional similar a la pensión finalmente fijada.
Por otro lado, es norma claramente establecida que este Tribunal tiene la facultad inherente para considerar y resolver errores patentes que surjan de un recurso aun cuando los mismos no hayan sido levantados por las partes. Hernández v. Espinosa, 145 D.P.R. _ (1998), 98 J.T.S. 41; López Vicil v. I.T.T. Intermedia, 142 D.P.R. _ (1997), 97 J.T.S. 42; Ríos Quiñones v. Adm. Servs. Agrícolas, 140 D.P.R. _ (1996), 96 J.T.S. 71. En razón de ello, a pesar de que las partes no levantaron como error ante nuestra consideración la determinación del Tribunal de Primera Instancia que fijó la efectividad de la pensión permanente de manera prospectiva a partir del 1 de marzo de 1999 en razón de la estipulación acordada por la partes el 15 de octubre de 1997, procedemos a modificar dicha determinación. Veamos.
El Art. 19 de la Ley 5, supra, dispone claramente que la fijación o aumento en las pensiones alimentarias serán efectivos desde la fecha en que se presenta la petición. 8 L.P.R.A. sec. 518; Art. 147 del Código Civil, 31 L.P.R.A. sec. 566; Pueblo v. Zayas Colón, 139 D.P.R. _ (1995), 95 J.T.S. 127; Suria v. Fernández Negrón, 101 D.P.R. 316 (1973). En razón de ello, el acuerdo llegado por el Sr. Johnson Wood y por la Sra. Ortiz Blanes, como parte de la estipulación de 15 de octubre de 1997, relacionado a que las órdenes que modificaran la pensión alimentaria provisional estipulada de $1,000 sólo tendrían efectos prospectivos, es nulo. Adviértase que las partes no pueden hacer pactos que sean contrarios a la ley, la moral o al orden público. Art 1207 del Código Civil, 31 L.P.R.A. sec. 3372.
En razón de ello, a tenor con el Art. 19 de la Ley 5, supra, la pensión permanente de $2,162.27 mensuales que el Sr. Johnson Wood tiene que pagar en beneficio de su hija menor de edad, se retrotrae al 2 de julio de 1997, fecha en que la Sra. Ortiz Blanes presentó la solicitud de alimentos en el caso de autos.
Ahora bien, precisa señalar que los pagos realizados por el Sr. Johnson Wood como parte de la pensión provisional estipulada de $1,000 se acreditarán al total resultante al retrotraer la pensión permanente fijada en el caso a la fecha antes mencionada.
III
En segundo lugar, la Sra. Ortiz Blanes alega que erró el Tribunal de Primera Instancia al no haber incluido como ingreso, en el cómputo de la pensión alimentaria permanente, las aportaciones hechas por el Sr. Johnson Wood a un plan de retiro voluntario. No le asiste la razón.
El Art. 2(17) de la Ley 5, supra, 8 L.P.R.A. sec. 501(17), define lo que se considerará como ingreso neto para propósitos de la fijación de las pensiones alimentarias. Dicho artículo establece que:

“Ingreso Neto. - Aquellos ingresos disponibles al alimentante, luego de las deducciones por concepto de 
*937
contribuciones sobre ingresos, seguro social y otras requeridas mandatoriamente por ley. Se tomarán en consideración, además, a los efectos de la determinación del ingreso neto, las deducciones por concepto de planes de retiro, asociaciones, uniones y federaciones voluntarias, así como los descuentos o pagos por concepto de primas de pólizas de seguros de vida, contra accidentes o de servicios de salud cuando el alimentista sea beneficiario de éstos. La determinación final se hará según toda la prueba disponible, incluyendo estimados, estudios y proyecciones de ingresos, gastos, estilos de vida y cualquier otra prueba pertinente. ”

8 L.P.R.A. sec. 501(17).
De un examen de la anterior disposición legal, resulta evidente que el Tribunal de Primera Instancia está facultado para deducir del ingreso bruto utilizado para fijar las pensiones alimentarias las aportaciones hechas voluntariamente por un alimentante a un plan de retiro de acuerdo a toda la prueba disponible en el caso. 8 L.P.R.A. sea. 501(17); Galarza Rivera v. Mercado Pagán, 143 D.P.R. _ (1995), 95 J.T.S. 164.
En el pleito de autos, el tribunal apelado, según surge del informe del oficial examinador y de la resolución apelada, luego de aquilatar la prueba y considerar todos los factores aplicables, determinó tomar en consideración y deducir del ingreso bruto sujeto al pago de pensión alimentaria las aportaciones hechas por el Sr. Johnson Wood a un plan de retiro voluntario.
Como vemos, el Tribunal de Primera Instancia estaba facultado por ley para hacer la referida deducción. 8 L.P.R.A. sea. 501(17); Galarza Rivera v. Mercado Pagán, supra.
IV
Por otro lado, la Sra. Ortiz Blanes sostiene que erró el tribunal apelado al no imponer honorarios de abogado a su favor en la sentencia apelada. Le asiste la razón.
El Art. 22 de la Ley 5, supra, 8 L.P.R.A. sea. 521, dispone lo siguiente:

“(1) En cualquier procedimiento bajo este Capítulo para la fijación o modificación de una pensión alimentaria o para hacer efectiva una orden de pensión alimentaria, el tribunal, el Administrador o el Juez Administrativo deberá imponer al alimentante el pago de honorarios de abogado a favor del alimentista cuando éste prevalezca.

2) El tribunal, el Administrador o el Juez Administrativo Podrá imponer al alimentante el pago de honorarios de abogado a favor del alimentista al fijarse una pensión provisional. ”

8 L.P.R.A. sec. 521.
Según surge de la anterior disposición legal, cuando la parte alimentista prevalece en su solicitud de pensión alimentaria permanente, el Tribunal de Primera Instancia está obligado a imponer al alimentante el pago de una suma razonable en concepto de honorarios de abogado. Adviértase que al comparar los dos incisos del Art. 22 de la Ley 5, supra, es sólo cuando la pensión fijada es provisional, que entra en juego la discretion del tribunal de imponer al alimentante un pago por concepto de honorarios de abogado.
En el caso ante nos, la parte alimentista, Sra. Ortiz Blanes, prevaleció en su solicitud de alimentos permanentes en contra del Sr. Johnson Wood. Por tanto, el tribunal estaba obligado a imponer a este último el pago en concepto de honorarios de abogado a favor de la Sra Ortiz Blanes. En razón de ello, el Tribunal de *938 Primera Instancia impondrá al Sr. Johnson Wood el pago de una suma razonable en concepto de honorarios de abogado.
V
Por último, réstanos hacer unos señalamientos relacionados a la solicitud del Sr. Johnson Wood para que este Tribunal autorice al Tribunal de Primera Instancia a entender en su moción solicitando el relevo de la sentencia de divorcio.
La Regla 49.2 de Procedimiento Civil, supra, dispone que mientras esté pendiente una apelación ante este Tribunal, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso de este Tribunal.
No obstante, esta no es la situación presente en el caso de autos. El Sr. Johnson Wood solicitó el relevo de la sentencia de divorcio emitida el 21 de diciembre de 1998 ante el Tribunal de Primera Instancia. Tal determinación es distinta a la sentencia apelada por la Sra. Ortiz Blanes mediante el recurso que nos ocupa.
Resulta evidente que la sentencia de divorcio nada tiene que ver con el dictamen de alimentos emitido por el foro apelado. En la eventualidad de que el tribunal apelado deje sin efecto la sentencia de divorcio, el dictamen de alimentos queda inalterado y vigente hasta que otra cosa se disponga por el Tribunal de Primera Instancia.
Por otro lado, aún cuando el tribunal apelado dejara sin efecto la sentencia de divorcio, habida cuenta de que las partes en este caso se encuentran separadas, el Sr. Johnson Wood tendría, como padre de la menor, la responsabilidad de continuar con el pago de la pensión alimentaria permanente fijada en el pleito hasta que otra cosa se disponga. Art. 143 del Código Civil, 31 L.P.R.A. sec. 562; Art. 153 del Código Civil, 31 L.P.R.A. sec. 601; Art. 4 de la Ley 5, supra, 8 L.P.R.A. sec. 503.
En razón de ello, el Tribunal de Primera Instancia tiene jurisdicción de entender en los méritos de la solicitud de relevo de sentencia presentada por el Sr. Johnson Wood, sin necesidad de que este Tribunal así lo autorice.
Por los fundamentos antes expuestos, se modifica la sentencia apelada a los efectos de que la pensión permanente de $2,162.27 mensuales fijada en el caso para beneficio de Syra Taimage Johnson Ortiz, será efectiva a partir del 2 de julio de 1997, acreditándose los pagos realizados por el Sr. Johnson Wood como parte de la pensión provisional estipulada de $1,000.
El Tribunal de Primera Instancia impondrá al Sr. Johnson Wood, a su vez, el pago de una suma razonable en concepto de honorarios de abogado a favor de la Sra. Ortiz Blanes.
Así modificada, la sentencia apelada se confirma.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*939 ESCOLIOS 2000 DTA 52
1. La vista sobre pensión alimentaria permanente fue pospuesta del 10 de noviembre al 18 de noviembre de 1998. Luego, la misma fue reseñalada para el 14 de enero de 1999.
2. Somos conscientes de que el oficial examinador meramente hace recomendaciones en su informe a la Juez o la Jueza que entienda en el caso. Art. 13 de la Ley 5, supra, 8 L.P.R.A. sea. 512. No obstante, tiene pertinencia al caso el informe emitido el 25 de noviembre de 1998 por el oficial examinador.