# 2001 DTA 112

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

PHRYNE ARROYO SANTIAGO
Apelante

v.

JOSE A. GARCIA VICARIO
Apelado

Núm. KLAN-00-01063

RECEIVED
SEP 6 2001
SERIALS DEPT
HARVARD LAW SCHOOL LIBRARY

San Juan, Puerto Rico, a 6 de febrero de 2001

Panel integrado por su Presidente, el Juez Brau Ramírez,
el Juez Ortiz Carrión y la Juez Pabón Charneco

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

La apelante, Phryne Arroyo Santiago, solicita la revisión de una sentencia emitida el 18 de abril de 2000 por el Tribunal de Primera Instancia, Sala Superior de Ponce, que denegó una solicitud de pensión alimentaria de ex-cónyuge presentada por la apelante contra el apelado, José García Vicario. Revocamos.

### II

Según se desprende del expediente, las partes estuvieron casadas por muchos años. La apelante acompañó al apelado a España durante los estudios de medicina de éste. Se divorciaron el 18 de diciembre de 1984, a instancias del apelado, en un procedimiento celebrado en rebeldía contra la apelante por la causal de trato cruel. La apelante fue considerada como cónyuge culpable de la ruptura matrimonial.

Durante los años de matrimonio de las partes, éstos acumularon diversos bienes pertenecientes a la sociedad de bienes gananciales compuesta por ambos. Al disolverse el matrimonio, el apelado permaneció en posesión de la mayoria de los bienes.

Toda vez que la apelante carecía de ingresos, solicitó que se le fijara una pensión. Para esta fecha, nuestro ordenamiento no concedía el derecho de una pensión alimentaria a un cónyuge que hubiera resultado culpable de un divorcio. En particular, el art. 109 del Código Civil, 31 L.P.R.A. sec. 385, no contemplaba tal privilegio, conforme a la doctrina establecida por el Tribunal Supremo de Puerto Rico. *Toppel v. Toppel*, 114 D.P.R. 16, 19 (1983); *Fenning v. Tribunal Superior*, 96 D.P.R. 615, 621 (1968).

No obstante, entendiendo que la apelante tenía una verdadera necesidad, el Tribunal de Primera Instancia le fijó una pensión provisional a la apelante de $1,000.00 mensuales. Esta actuación fue cuestionada por el apelado ante el Tribunal Supremo de Puerto Rico, caso RF84-1964. Mediante resolución del 17 de mayo de 1991, el Tribunal Supremo sostuvo la misma, disponiendo, sin embargo, que el pago ordenado debía ser considerado como un adelanto a la apelante de su participación en la sociedad de bienes gananciales, en atención a la situación del derecho entonces vigente, el cual, según hemos indicado, no contemplaba el derecho de una pensión alimentaria a favor de un cónyuge culpable de divorcio.

En 1993, se instó un procedimiento entre las partes para la liquidación de su comunidad de bienes, JAC93-0139.

En 1995, mientras el procedimiento mencionado se hallaba pendiente, el art. 109 del Código Civil fue enmendado mediante la Ley Núm. 25 de 16 de febrero de ese año. Dicho estatuto eliminó el concepto de culpa del precepto y autorizó la concesión de una pensión a un cónyuge, independientemente de que fuera el causante del divorcio. *Cantellops v. Cautiño Bird*, 146 D.P.R. __ (1998), **98 J.T.S. 137**.

El 6 de noviembre de 1998, la apelante procedió a instar la presente reclamación sobre alimentos contra el apelado. En su demanda, la apelante alegó que carecía de suficientes medios para subsistir y solicitó que se le fijara una pensión alimentaria. El apelado contestó la demanda, negándose a la pretensión de la apelante.

El 10 de mayo de 1999, el Tribunal emitió sentencia en el caso de liquidación de sociedad de bienes gananciales, JAC93-0139. Conforme a la sentencia emitida por el Tribunal, la mayoría de los bienes de la comunidad fueron adjudicados al apelado. Aunque el Tribunal determinó que la apelante tenía una participación

equivalente a $157,688.50, determinó que ésta debía reducirse en una cuantía de $124,000.00 por concepto de los adelantos recibidos por la apelante. A la apelante se le adjudicó un terreno en el estado de Florida, el mobiliario y los enseres de su hogar. El resto de los varios inmuebles pertenecientes a la sociedad fueron adjudicados al apelado, así como los muebles de su consultorio de médico.

Entendiendo que dicha liquidación había sido inicua, la apelante insistió en la concesión de la pensión solicitada por ella en el caso de autos.

Luego de otros incidentes, el 15 de marzo de 2000, se celebró la vista en su fondo del caso. La apelante testificó en apoyo de su solicitud. El apelado no presentó prueba.

La apelante declaró, entre otras cosas, que no trabajaba y que padecía una condición de "*lupus ritomatosa*" desde los 35 años de edad. Recibía tratamiento para la misma con un hermano de ella, quien no le cobraba y con la doctora Garcés y el Dr. Villa, un gastroenterólogo. Con el tratamiento recibido, había podido llevar una vida normal.

La apelante indicó que tenía presión alta y stress. Expresó que su hija y el esposo de ésta la ayudaban con sus gastos médicos. La apelante indicó que tenía sus cosas en una casa en el sector de Playa Santa de Guánica ▇ y que la mayor parte del tiempo la pasaba en la casa de su hija en Boston. Señaló que la mayor parte de sus gastos consistían en medicinas y gasolina. Aclaró que su condición económica había empeorado desde su divorcio.

El testimonio de la apelante, quien a la fecha de la determinación recurrida tenía 65 años de edad, fue vago y errático en varias ocasiones. La apelante tampoco presentó la documentación necesaria para apoyar sus gastos. La apelante se mostró reacia a cooperar con el proceso en numerosas instancias, teniendo el Tribunal que llamarle la atención en más de una ocasión. La apelante manifestó que no confiaba obtener justicia de ninguno de los jueces del foro, en vista, principalmente, de la decisión sobre la liquidación de bienes, que consideraba errada.

El 18 de abril de 2000, mediante la sentencia apelada, el Tribunal de Primera Instancia denegó la solicitud de pensión de la apelante.

En su dictamen, la distinguida Sala recurrida consideró principalmente que el testimonio de la apelante sobre sus gastos había sido insuficiente para establecer su necesidad. El Tribunal tomó conocimiento de los procedimientos entre las partes en el caso de liquidación de sociedad conyugal, observando que a la apelante le había sido adjudicada una propiedad en Florida, los muebles y enseres del hogar y $33,000.00 en efectivo.

La parte apelante presentó una oportuna solicitud de determinaciones de hechos adicionales, que fue denegada por el Tribunal.

Insatisfecha, acudió ante este foro.

### III

En su recurso, la apelante plantea que el Tribunal de Primera Instancia erró al denegar su solicitud de alimentos.

El art. 109 del Código Civil dispone, en lo pertinente, que si decretado el divorcio por cualesquiera de las causales que dispone la ley, "*cualesquiera de los ex cónyuges no cuenta con suficientes medios para vivir, el Tribunal de Primera Instancia podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge.*" 31 L.P.R.A. sec. 385.

El precepto añade que al tomar esta determinación, el Tribunal debe considerar: (a) los acuerdos a los que hubieren llegado los ex cónyuges, (b) la edad y el estado de salud, (c) la cualificación profesional y las probabilidades de acceso a un empleo, (d) la dedicación pasada y futura a la familia, (e) la colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge, (f) la duración del matrimonio y de la convivencia conyugal, (g) el caudal y medios económicos y necesidades de uno y otro cónyuge, y (h) cualquier otro factor que considere apropiado dentro de las circunstancias del caso. *Id.*; véase, en general, *Cantellops v. Cautiño Bird*, **91 J.T.S. 137**, a las págs. 179-180; *Díaz v. Alcalá*, 140 D.P.R. 959, 977-982 (1996).

El precepto citado establece un deber jurídico de mutuo socorro, cuando los ex-cónyuges no cuentan con los medios necesarios para subsistir. *Soto López v. Colón Meléndez*, 141 D.P.R. __ (1997), **97 J.T.S. 74**, a la pág. 1,073. Se trata de una importante política del gobierno. *Milán Rodríguez v. Muñoz*, 110 D.P.R. 610, 612-614 (1981).

La obtención de los alimentos mencionados está supeditada a la existencia de una situación de necesidad económica. *Cantellops v. Cautiño Bird*, **98 J.T.S. 137,** a la pág. 180; *Soto López v. Colón Meléndez*, **97 J.T.S. 74,** a la pág. 1,073; *Toppel v. Toppel*, 114 D.P.R. __, a la pág. 19; *Suria v. Fernández Negrón*, 101 D.P.R. 316, 318-19 (1973); *Fenning v. Tribunal Superior*, 96 D.P.R. __, a la pág. 621.

Los mismos son proporcionales a los medios del alimentista. *González v. Suárez Milán*, 131 D.P.R. 296, 300 (1992); *Suria v. Fernández Negrón*, 101 D.P.R. __, a la pág. 319.

El peso de la prueba para establecer lo anterior corresponde, generalmente, a la parte que solicita los alimentos. *Suria v. Fernández Negrón*, 101 D.P.R. __, a la pág. 319.

Según indicado, el texto actual del art. 109 fue introducido por la Ley Núm. 25 de 16 de febrero de 1995, más de diez (10) años después del divorcio entre las partes. En vista de lo anterior, el apelado plantea que el texto de dicha enmienda no aplica retroactivamente.

No se trata, sin embargo, de la aplicación retroactiva de la ley. La apelante no solicita pago alguno de pensión con fecha anterior a la fecha de su solicitud, la cual, según hemos visto, data del 6 de noviembre de 1998, luego de la enmienda mencionada. El hecho de que el Estado determine imponer un deber a una categoría específica de ciudadanos, definiendo la misma a base de características o transacciones llevadas a cabo por éstos en un momento anterior, no necesariamente equivale a que se esté ante una situación de retroactividad del derecho. No entendemos que el apelado tenga un derecho adquirido a estar libre de la carga impuesta por la enmienda. Cf. *Vélez v. Srio. de Justicia*, 115 D.P.R. 533 (1984).

En *Cantellops v. Cautiño Bird*, **98 J.T.S. 137**, se trataba de una situación similar a la de autos en la que una excónyuge que se había divorciado por consentimiento mutuo presentó su solicitud de alimentos catorce (14) años luego del divorcio, luego de la enmienda introducida mediante la citada la Ley Núm. 25. El Tribunal Supremo de Puerto Rico admitió dicha reclamación, concluyendo que la enmienda aludida había conferido el derecho de pensión a personas que se hubiesen divorciado por esta causal.

Entendemos que, a base de este precedente, venimos obligados a reconocer la reclamación de la apelante en este caso.

Ahora bien, en la presente situación, según hemos visto, el Tribunal de Primera Instancia determinó que la apelante no había logrado establecer su necesidad de una pensión, atendiendo más bien a la pobre calidad de su testimonio. Aunque la apreciación de la prueba realizada por dicho foro nos merece deferencia, *Flores v. Domínguez*, 146 D.P.R. __ (1998), **98 J.T.S. 96**, a la pág. 1,354, no estimamos que la conclusión a la que arribó la distinguida Sala recurrida represente el balance más racional y justiciero del récord ante el foro de Primera

Instancia. *Stokes v. Serrano Lecaroz*, 145 D.P.R. \_\_ (1998), **98 J.T.S. 48**, a la pág. 850; *Segarra Hernández v. Royal Bank de Puerto Rico*, 145 D.P.R. \_\_ (1998), **98 J.T.S. 37**, a la pág. 753; *Méndez Rodríguez v. Morales Molina*, 142 D.P.R. \_\_ (1996), **96 J.T.S. 149**, a la pág. 347.

En efecto, al evaluar la solicitud de la apelante, el foro de Primera Instancia no prestó atención a los dictámenes previos emitidos en el caso de liquidación de sociedad, sino que la trató como un incidente totalmente nuevo y separado del tracto litigioso entre las partes.

Es evidente, en este sentido, que la necesidad de la apelante a los alimentos en cuestión fue establecida hace muchos años, fijándosele un pago de $1,000.00 mensuales, en atención a que necesitaba asistencia para mantenerse. Dicho pago fue finalmente adjudicado contra su participación en la sociedad de bienes gananciales, debido a que a la fecha de su divorcio no tenía derecho a una pensión alimentaria, como tal. El récord establece que el mismo fue ordenado, de primera intención, porque la apelante no tenía ingresos y tenía necesidad de asistencia.

Hemos examinado la transcripción del testimonio de la apelante ante el Tribunal de Primera Instancia y coincidimos con la apreciación de dicho foro de que dicho testimonio fue vago en varios particulares. La transcripción refleja que la apelante fue un testigo difícil y poco cooperador con el Tribunal, tal vez debido a su edad o por su hostilidad al foro recurrido. Lo que no cabe duda, de acuerdo a su testimonio, es que la apelante no ha experimentado mejoría alguna en su situación económica desde que se fijaron los pagos a su favor en primer lugar.

El récord sugiere, al contrario, que la condición económica de la apelante se ha deteriorado, toda vez que la apelante se ha visto forzada a consumir la mayor parte de su porción del patrimonio ganancial para poder mantenerse. Al emitir la sentencia apelada, según hemos visto, el Tribunal de Primera Instancia tomó conocimiento judicial de la sentencia emitida en el caso JAC93-0139 sobre los procedimientos en torno a la liquidación de la sociedad legal de bienes gananciales. Se desprende de dicha sentencia que a la apelante le fueron deducidas más de cuatro quintas partes de su participación en la comunidad, por concepto de sumas que le habían sido adelantadas.

La conclusión de que la apelante no tiene en este momento necesidad de alimentos, en opinión de este Tribunal, resulta del todo inconsistente con este cuadro, y debe ser rechazada por este foro. Aunque reconocemos que el testimonio de la apelante no fue preciso en cuanto al monto específico de su necesidad, consideramos que la apelante es acreedora a una pensión de, por lo menos, una suma igual a la que había estado percibiendo hasta hace poco de $1,000.00 mensuales.

El cuadro descrito por la apelante es consistente con los factores establecidos por el citado art. 109 para la concesión de la pensión a la apelante. La apelante es una persona mayor, enferma, sin ingresos, que estuvo casada con el apelante por muchos años brindándole compañía. Las partes estuvieron casadas por muchos años generándose bienes, la mayor porción de los cuales correspondió al apelado en la liquidación de la sociedad conyugal. No existe base en el récord para concluir que el apelado ya no goza de la capacidad de contribuir a la subsistencia de la apelante, según lo había venido haciendo anteriormente.

Una apreciación errónea de la prueba no goza de credenciales de inmunidad frente a la función revisora del tribunal apelativo. *Vda. de Morales v. De Jesús Toro*, 10 D.P.R. 826, 829 (1978).

Por los fundamentos expresados, se revoca la sentencia recurrida. En su lugar, se dicta otra declarando con lugar la demanda de alimentos y condenando al apelado a satisfacer a la apelante una pensión de $1,000.00 mensuales.

Lo pronunció y manda el Tribunal y lo certifica la señora Subsecretaria General.

**ESCOLIO 2001 DTA 112**

**1.** Según surge de la sentencia emitida por el Tribunal en el caso JAC93-0139, esta casa le fue adjudicada al apelado.