Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LYDIA CRUZ BÁEZ <br><br> *Apelante* <br><br> v. <br><br> NÉSTOR RAFAEL ALICEA RODRÍGUEZ <br><br> *Apelado* | KLAN202300778 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Guayama <br><br> Caso Núm.: AY2021RF00005 (304) <br><br> Sobre: Alimentos-Excónyuges |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de diciembre de 2023.

Comparece ante nos la señora Lydia Cruz Báez (señora Cruz Báez o apelante) mediante recurso de *Apelación* y solicita la revisión de la *Sentencia* emitida el 28 de junio de 2023, notificada el 30 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI o foro primario). Mediante el referido dictamen, el TPI declaró No Ha Lugar la solicitud de pensión excónyuge presentada por la señora Cruz Báez.

Por los fundamentos que exponemos a continuación, **confirmamos** la *Sentencia* apelada.

**I.**

La señora Cruz Báez y el señor Néstor Rafael Alicea Rodríguez (señor Alicea Rodríguez o apelado) contrajeron matrimonio el 24 de diciembre de 2010. El 12 de diciembre de 2019, notificada el 16 de enero de 2020, el TPI emitió una *Sentencia* en la que decretó roto y disuelto el vínculo matrimonial entre las partes.

Número Identificador

SEN2023_____

El 3 de mayo de 2021, la señora Cruz Báez presentó una *Demanda*[1] sobre alimentos excónyuge contra el señor Alicea Rodríguez. En esencia, la señora Cruz Báez alegó que como consecuencia del divorcio no cuenta con los medios económicos suficientes para vivir. Sostuvo, además, que el apelado cuenta con los recursos necesarios para pagar una pensión a su favor. Por tanto, solicitó que se le imponga al señor Alicea Rodríguez el pago de una pensión excónyuge por la cantidad de $600.00 mensuales, costas, gastos y honorarios de abogado.

El 31 de mayo de 2021, el señor Alicea Rodríguez presentó su *Contestación a la Demanda*[2] en la que negó la mayoría de las alegaciones en su contra. Como defensa afirmativa, adujo que las condiciones de salud de la señora Cruz Báez se originaron antes del matrimonio y sus problemas económicos no son causados por el divorcio. Por tanto, sostuvo no tener obligación alguna con la señora Cruz Báez.

Luego, el 23 de junio de 2023, el TPI celebró el juicio en su fondo. Así las cosas, el 28 de junio de 2023, notificada el 30 del mismo mes y año, el foro de instancia emitió una *Sentencia*[3] en la que determinó que a la señora Cruz Báez no le corresponde recibir una pensión excónyuge.

En desacuerdo con la determinación, el 9 de julio de 2023, la señora Cruz Báez presentó *Moción a tenor con la Regla 42.2 de las de Procedimiento Civil y Reconsideración*[4]. En su escrito, alegó que la determinación del TPI no fue fundamentada en hechos específicos que demuestren que no le corresponde la pensión solicitada. Además, señaló haber justificado que su condición de salud y económica amerita que se le conceda una pensión excónyuge.

---

[1] Véase apéndice del recurso, págs. 17-19.
[2] Véase apéndice del recurso, págs. 15-16.
[3] Véase apéndice del recurso, págs. 11-14.
[4] Véase apéndice del recurso, págs. 7-10.

Por su parte, el 26 de julio de 2023, el señor Alicea Rodríguez presentó *Contestación a "Moción a tenor con la Regla 42.2 de las de Procedimiento Civil y Reconsideración"*[5]. En síntesis, adujo no estar obligado a proveer alimentos a su excónyuge, la señora Cruz Báez, debido a que ésta ha incumplido su deber de relacionar sus necesidades con el acto del divorcio y exponer con claridad la capacidad económica del alimentista.

El 3 de agosto de 2023, notificada el día siguiente, el TPI emitió una *Orden*[6] en la que declaró No Ha Lugar a la solicitud de reconsideración instada por la señora Cruz Báez.

Inconforme aún, el 5 de septiembre de 2023, la señora Cruz Báez compareció ante nos mediante recurso de *Apelación* en el que señaló el siguiente error:

> El T.P.I. cometió error de Derecho al aplicar el Artículo 653 del Código Civil de 2020 y no el Artículo 109.

El 6 de octubre de 2023, el señor Alicea Rodríguez compareció mediante *Alegato Parte Apelada*.

Luego de evaluar la determinación recurrida y los argumentos de las partes, el 26 de octubre de 2023, emitimos una *Resolución* mediante la cual ejercimos la facultad conferida por la Regla 83.1 del Reglamento del Tribunal de Apelaciones[7]. Al así hacerlo, le concedimos al TPI un término de cinco (5) días para fundamentar su determinación emitida el 28 de junio de 2023.

En cumplimiento con lo solicitado, el 30 de octubre de 2023, el TPI emitió una *Resolución* fundamentada. En lo pertinente a la controversia ante nuestra consideración, el foro primario concluyó que la necesidad de la señora Cruz Báez existe desde antes de estar casada con el señor Alicea Rodríguez. Además, añadió que dicho foro no tuvo ante sí prueba alguna sobre la capacidad económica del

---

[5] Véase apéndice del recurso, págs. 4-6.
[6] Véase apéndice del recurso, pág. 1.
[7] 4 LPRA Ap. XXII-B, R. 83.1.

señor Alicea Rodríguez. Ante ello, reiteró que procedía declarar No Ha Lugar a la petición de pensión excónyuge.

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nos.

**II.**

**-A-**

El derecho a alimentos es parte esencial del principio natural de conservación que constituye piedra angular del derecho constitucional a la vida[8]. Esta obligación se fundamenta "en principios universalmente reconocidos de solidaridad humana, generados por el derecho natural de la vida e imperativos de los vínculos familiares"[9].

Asimismo, nuestra jurisprudencia ha establecido que la pensión alimentaria excónyuge, al igual que la pensión alimentaria entre parientes, revisten el "mayor interés público"[10]. En este sentido, ha sido declarado que el derecho a solicitar una pensión excónyuge surge del "derecho fundamental de todo ser humano a existir y a desarrollar plenamente su personalidad"[11].

"Cuando un divorcio coloca en estado de necesidad económica a uno de los excónyuges, quien primero responde por esa necesidad, luego de la comunidad de bienes, es el otro excónyuge"[12]. La base de esta pensión fue establecida en el Art. 109 del Código Civil de 1930, 31 LPRA ant. sec. 385, el cual instituía lo siguiente:

> Si decretado el divorcio por cualesquiera de las causales que establece la sec. 321 de este título, cualesquiera de los [ex]cónyuges no cuentan con suficientes medios para vivir, el Tribunal de Primera Instancia podrá asignarle alimentos

---

[8] *Maldonado v. Cruz*, 161 DPR 1, 12 (2004); *Martínez v. Rodríguez*, 160 DPR 145 (2003); *Chévere v. Levis*, 150 DPR 525, 534 (2000).

[9] *Maldonado v. Cruz, supra,* pág. 13; *Chévere v. Levis, supra*; *Martínez v. Rivera Hernández*, 116 DPR 164, 168 (1985).

[10] *Correa Márquez v. Juliá Rodríguez*, 198 DPR 315, 326 (2017); *Cortés Pagán v. González Colón*, 184 DPR 807, 814 (2012); *Morales v. Jaime*, 166 DPR 282, 291 (2008).

[11] *Correa Márquez v. Juliá Rodríguez, supra*; *González v. Suárez Milán*, 131 DPR 296, 301 (1992).

[12] *Correa Márquez v. Juliá Rodríguez, supra*, pág. 326.

discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge.

El tribunal concederá los alimentos a que se refiere el párrafo anterior, teniendo en cuenta, entre otras, las siguientes circunstancias:

    (a) Los acuerdos a que hubiesen llegado los [ex]cónyuges.

    (b) La edad y el estado de salud.

    (c) La cualificación profesional y las probabilidades de acceso a un empleo.

    (d) La dedicación pasada y futura a la familia.

    (e) La colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge.

    (f) La duración del matrimonio y de la convivencia conyugal.

    (g) El caudal y medios económicos y las necesidades de uno y otro cónyuge.

    (h) Cualquier otro factor que considere apropiado dentro de las circunstancias del caso.

Fijada la pensión alimenticia, el juez podrá modificarla por alteraciones sustanciales en la situación, los ingresos y la fortuna de uno u otro [ex]cónyuge. La pensión será revocada mediante resolución judicial si llegase a hacerse innecesaria, o por contraer el cónyuge divorciado acreedor a la pensión nuevo matrimonio o viviese en público concubinato.

Dicha disposición continúa vigente mediante el Art. 466 del Código Civil de 2020, según enmendado[13].

---

[13] El aludido Art. 466 del Código Civil de 2020, 31 LPRA sec. 6813, dispone lo siguiente:

Artículo 466.-Pensión alimentaria del excónyuge.

El tribunal puede asignar al excónyuge que no cuenta con medios suficientes para vivir una pensión alimentaria que provenga de los ingresos o de los bienes del otro excónyuge, por un plazo determinado o hasta que el alimentista pueda valerse por sí mismo o adquiera medios adecuados suficientes para su propio sustento.

Para fijar la cuantía de la pensión alimentaria, el tribunal puede considerar, entre otros factores pertinentes, las siguientes circunstancias respecto a ambos excónyuges:

    (a) los acuerdos que hayan adoptado sobre el particular;

    (b) la edad y el estado de salud física y mental;

    (c) la preparación académica, vocacional o profesional y las probabilidades de acceso a un empleo;

    (d) las responsabilidades que conservan sobre el cuido de otros miembros de la familia;

    (e) la colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge;

    (f) la duración del matrimonio y de la convivencia conyugal;

    (g) el caudal y medios económicos y las necesidades de cada cónyuge; y

    (h) cualquier otro factor que considere apropiado según las circunstancias del caso.

La resolución del tribunal debe establecer el modo de pago y el plazo de vigencia de la pensión alimentaria. Si no se establece un plazo determinado, la pensión estará vigente mientras no se revoque por el tribunal, a menos que se extinga por las causas que admite este Código. 31 LPRA sec. 6813.

De conformidad con lo anterior, nuestra jurisprudencia ha establecido que, cuando queda evidenciado que un cónyuge divorciado no cuenta con medios suficientes para vivir, mientras que su excónyuge cuenta con bienes de fortuna, procede la concesión de una pensión alimentaria. Es decir, que **el criterio principal al momento de conceder una pensión excónyuge es el binomio constituido entre la necesidad económica por parte del alimentista y la capacidad económica por parte del alimentante**[14]. Establecidos esos elementos, y el hecho de que la carencia económica haya surgido como consecuencia del divorcio, procede el derecho a la pensión[15]. De ahí que, si bien el Art. 109 del Código Civil de 1930, *supra*, establece otros criterios a considerar al otorgar la pensión excónyuge, éstos solo se toman en cuenta para fijar el monto de la obligación y no como una carga probatoria adicional que deba suplir el reclamante[16]. **Bastará para demostrar necesidad la presentación de cualquier prueba pertinente, tendente a establecer que no se cuenta con dichos medios suficientes para vivir y no necesariamente que se es anciano, incapacitado o incapaz de trabajar[17]**. (Énfasis nuestro).

Ahora bien, considerando que estas y otras circunstancias pueden cambiar con el transcurso del tiempo, también se ha dispuesto que los dictámenes sobre pensiones excónyuges tienen un carácter dinámico, por lo que están sujetos a modificación según varíe la situación de necesidad del alimentista o la capacidad económica del alimentante[18]. Esta acción no prescribe siempre que

---

[14] *Correa Márquez v. Juliá Rodríguez, supra*, pág. 326.

[15] *Morales v. Jaime, supra*, pág. 302.

[16] *Correa Márquez v. Juliá Rodríguez, supra*, pág. 327; *Morales v. Jaime, supra*, pág. 306.

[17] *Morales v. Jaime, supra*, págs. 311-312.

[18] *Correa Márquez v. Juliá Rodríguez, supra*, 327; *Cortés Pagán v. González Colón, supra*, págs. 814–815.

las peticiones de alimentos entre excónyuges estén vinculadas en relación de causalidad con el divorcio[19].

**III.**

En el presente caso, nos corresponde examinar si el TPI dispuso correctamente de la solicitud de pensión excónyuge presentada por la señora Cruz Báez. Referente al único error señalado, la apelante sostiene que incidió el TPI al aplicar el Artículo 653 del Código Civil de 2020[20] y no el Artículo 109 del derogado Código Civil de 1930. No le asiste la razón.

En el caso de autos, al realizar un análisis de los artículos relativos a la concesión de pensión excónyuge, es preciso señalar que tanto el Artículo 653 del Código Civil de 2020 como el Artículo 109 del derogado Código Civil de 1930, no son sustanciales para la disposición del caso de autos.

Nuestro ordenamiento jurídico ha establecido que la concesión o denegatoria de una pensión de alimentos excónyuge recae sobre la base de la necesidad del excónyuge reclamante y la capacidad económica del excónyuge a quien se le reclama. Es decir, la pensión únicamente se concederá cuando el excónyuge peticionario demuestre que no cuenta con suficientes medios para vivir y acredite la solvencia económica de su excónyuge. Luego de ello evidenciarse, entonces, le corresponderá al Juzgador o Juzgadora fijar la pensión, tomando en cuenta, entre otros, los ocho (8) criterios esbozados en el Art. 109 del Código Civil de Puerto Rico

---

[19] *Suria v. Fernández Negrón,* 101 DPR 316 (1981).
[20] El Art. 653 del Código Civil de 2020, dispone como sigue:

> Artículo 653. — Contenido de la obligación alimentaria. (31 LPRA sec. 7531)
>
> Se entiende por alimentos todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica de una persona, según la posición social de su familia.
>
> Cuando el alimentista es menor de edad, los alimentos comprenden también su educación, las atenciones de previsión acomodadas a los usos y a las circunstancias de su entorno familiar y social y los gastos extraordinarios para la atención de sus condiciones personales especiales.

de 1930, *supra*, disposición que continúa vigente mediante el Art. 466 del Código Civil de 2020, según enmendado.

Además, para demostrar esa necesidad se requiere presentar prueba pertinente tendente a establecer que no se cuenta con suficientes medios para vivir, y no necesariamente que la persona es adulta mayor, que está incapacitada o es incapaz de trabajar[21]. De manera que, una alegación a los efectos de que se carece de medios suficientes para vivir y que el excónyuge cuenta con suficientes medios, ello sin sustentarse, resulta insuficiente para que se decrete la concesión de los alimentos.

Particularmente, el 28 de junio de 2023, notificada el 30 del mismo mes y año, el TPI emitió una *Sentencia* en la que concluyó que la señora Cruz Báez no tiene derecho a una pensión excónyuge debido a que la necesidad económica de la apelante no ha sido producto de su matrimonio con el señor Alicea Rodríguez. Además, el foro primario determinó que no tuvo ante sí prueba alguna sobre la capacidad económica del señor Alicea Rodríguez.

Ante ello, es norma repetida que **no habremos de intervenir con las determinaciones de hechos, la apreciación de la prueba y las adjudicaciones de credibilidad efectuadas por el tribunal sentenciador, salvo que este haya incurrido en error manifiesto, pasión, prejuicio o parcialidad**[22]. Dicho principio está cimentado en que las decisiones del foro primario están revestidas de una presunción de corrección y regularidad, de manera que merecen nuestra deferencia[23]. Después de todo, ese foro está en mejor posición para evaluar la prueba, pues tuvo la oportunidad de ver y oír a los testigos declarar, y apreciar su *demeanor*[24].

---

[21] *Morales v. Jaime, supra*, págs. 311-312.
[22] *Trinidad v. Chade*, 153 DPR 280 (2001).
[23] *Pueblo v. Rivera Nazario*, 141 DPR 865 (1996).
[24] *Ramos Acosta v. Caparra Dairy Inc.*, 113 DPR 357 (1982); *Pueblo v. Maisonave Rodríguez*, 129 DPR 49 (1991).

**IV.**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia* apelada.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones